Brinen & Associates, LLC

Joshua D. Brinen
Attorney at Law
New York Office
jbrinen@brinenlaw.com

Member New York, New Jersey, Florida, California, Texas & Nevada Bar
LL.M. in Taxation

April 19, 2022

**VIA ECF**

Hon. Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      Re:    Fometal S.R.L., vs. Keili Trading LLC, et. al.
              Case Number: 1:22-cv-01928
              Our File No.: Fometal.11

Dear Judge Failla:

Plaintiff submits this letter as response to Defendants Reliance Steel & Aluminum Co. ("Reliance") and Admiral Servicenter Company, Inc. ("Admiral") (collectively "Defendants") pre-motion letter submitted on April 14, 2022, pursuant to Rule 4. A of Your Honor's Individual Rules of Practice.

    **1. Sufficient Good Faith Allegations Are Contained in the Complaint for This Court To Have Personal Jurisdiction over Reliance.**

"[A] plaintiff need only allege facts constituting prima facie showing of personal jurisdiction to survive a Rule12(b)(2) motion. See *Symmetra Pty Ltd v. Human Facets, LLC*, 2013 US Dist LEXIS 83428, at *10 [SDNY June 13, 2013]. "[A] New York court may assert jurisdiction over [a]foreign corporation as a 'mere department' of the local corporation." *Gundlach v. IBM Japan, Ltd.*, 983 F. Supp. 2d 389, 394 (S.D.N.Y. 2013).

Plaintiff alleges the necessary jurisdictional facts. Admiral has New York offices. Compl. ¶9. Reliance acquired Admiral in December 2021. Reliance acquired Admiral's assets including it's New York offices. Compl. ¶¶10 & 27. Keili Trading LLC and Mendy Levitin (the "Agents") acted as Admiral's agents acquiring Plaintiff's aluminum sheets ("Goods Two"). Plaintiff delivered Goods Two. Goods Two arrived at the Port of New York. Compl. ¶100. Admiral took possession but never paid Plaintiff. Compl. ¶¶7,34,39-40,95 & 113 & Exhibits A, B, D & E. Reliance, as Admiral's owner and successor in interest, owns Admiral's assets.

Plaintiff establishes general personal jurisdiction over Defendants by its trading activity and its ownership of New York assets.

Plaintiff may establish specific personal jurisdiction over Reliance. Reliance owns Admiral's New York assets, including Goods Two. Reliance has availed of the laws of and reached into New York for this Court to have specific personal jurisdiction the subject matter of this case.

90 Broad Street, Tenth Floor
New York, New York 10004
Telephone: (212) 330-8151
Facsimile: (212) 227-0201

1700 Post Oak Boulevard
2 Boulevard Place, Suite 600
Houston, Texas 77056
Telephone: (281) 815-4368
Facsimile: (281) 241-4444

# Brinen & Associates, LLC

This Court should refuse Defendant Reliance's request to hold a pre-motion conference to file a motion to dismiss Reliance for lack of personal jurisdiction pursuant to Rule 12(b)(2).

### 2. Insufficient Grounds Exist to Permit Defendants to File a Motion to Dismiss Plaintiff's Claims Under Rule 12(b)(6).

#### A. Breach of Contract

Plaintiff pled that Admiral ordered Goods Two from Plaintiff. Compl. ¶24,95 & Exhibits A & D. Plaintiff delivered Goods Two to Admiral. Compl. ¶¶36,100-102. Admiral despite repeated demands from Plaintiff refused to pay for Goods Two. Compl. ¶¶39 & 110 & Exhibit E. Plaintiff's breach of contract claim would withstand a challenge under Rule 12(b)(6).

#### B. Fraud Claim

Plaintiff pled with specificity instances of fraud committed by Admiral's Agents including precise false statement(s), medium(s) of communication of same, the time and date of such communication(s) and the reliance and loss suffered by Plaintiff. Plaintiff has pled the Agents made false promises of payment. Compl. ¶¶168-192 & Exhibits I-M. Admiral's attorney's made false representations that Goods Two was not ordered. Admiral's attorney's false representations were a delaying tactic to consummate Reliance's acquisition. Compl. ¶¶150-165 & Exhibits A, F-H. Reliance acquired Admiral becoming its successor in interest. Compl. ¶116. Plaintiff's fraud claim would withstand a challenge under Rule 12(b)(6) and Rule 9.

#### C. Conversion

Plaintiff pled that Defendants took Goods Two without payment. Compl. ¶¶7,34,39-40,95,100 & 113 & Exhibits A, B, D & E. Plaintiff possesses a superior title to Goods Two. Compl. ¶¶251-254. Plaintiff's conversion claim would withstand a challenge under Rule 12(b)(6).

#### D. Unjust enrichment

Defendants contend there is no breach of contract claim because the purchase order was not signed between Plaintiff and Admiral; on the other hand, they contend that there is no claim for unjust enrichment because it is duplicative of the breach of contract claim.

Plaintiff has pled the following. The Agents acted as Admiral's agents to purchase Goods Two. Goods Two were delivered to and taken by Admiral but never paid for by Admiral. Compl. ¶¶7,34,39-40,95 & 113 & Exhibits A,B,D & E. Reliance became Admiral's successor in interest. Compl. ¶116. Reliance owns Admiral's assets. Defendants have been unjustly enriched by receiving Goods Two and never paying for them. Plaintiff's unjust enrichment claim would withstand a challenge under Rule 12(b)(6).

#### E. Civil Conspiracy

Defendants contend that to allege an action for civil conspiracy, a plaintiff must allege an intent to participate in the alleged conspiracy and an intent to injure the plaintiff.

Plaintiff pled the Agents were retained by three customers - Primrose Alloys, and the Defendants Metal West and Admiral (the "Breaching Parties"). Compl. ¶34. Plaintiff delivered the goods to all three customers. Compl. ¶35. Primrose Alloys paid Plaintiff for the delivery of goods. Compl.¶36. Breaching Parties never paid Plaintiff. Breaching Parties agreed to a plan and or scheme with the Agents to take the Goods One and Goods Two from

Plaintiff without payment. Compl. ¶¶42-43, 95 & 113 & Exhibits A,B,D & E. Reliance became Admiral's successor in interest. Compl. ¶116. Reliance owns Admiral's assets including Goods Two. Plaintiff's civil conspiracy claim would withstand a challenge under Rule 12(b)(6).

### F. Racketeer Influenced and Corrupt Organizations ("RICO") Act

Defendants contend that Plaintiff does not specify what predicate acts Defendants allegedly committed and fails to allege how any predicate acts amount to or pose a threat of continuing criminal activity. Plaintiff alleges that Defendants' scheme to defraud and unlawfully take possession of Plaintiff's shipped goods and related improper acts, encompasses numerous predicate acts. 18 U.S.C. § 1961. These acts include theft from interstate shipment, relating to fraud and related activity in connection with identification documents, and relating to wire fraud. Defendants used the internet, e-mail, interstate wires, and engaged in monetary transactions derived from specified unlawful activity. Compl. p. 2. The Agents orchestrated that the Breaching Parties pose as 'customers' to trick Plaintiff into shipping Goods One and Goods Two to steal Goods One and Goods Two. Compl. ¶314.

The Breaching Parties coordinated this scheme falsifying transfer identification documents for Goods One and Goods Two to facilitate Agents' unlawful taking and possession of these goods. Compl. ¶63-75, 124-139, 315. The Agents, through the transmission of electronic mail messages and telephone calls falsely represented to Plaintiff that they would wire payment for Goods One and Goods Two. Compl. ¶¶168-192 & 316 and Exhibits I-M. Defendants' pattern of acts and activities are indictable under 18 U.S.C. § 1961(1) (b): (a) 18 U.S.C. § 659 (relating to theft from interstate shipment); (b) 18 U.S.C. §1028 (relating to fraud and related activity in connection with identification documents); and (c) 18 U.S.C. §1343 (relating to wire fraud). Compl. ¶322. Plaintiff's RICO claim would withstand a challenge.

### G. Account stated

Plaintiff pled that Admiral refused to pay for Goods Two. Compl. ¶¶39 & 110 & Exhibit E. Admiral never disputed the quantum of these invoices. Admiral's agents made false statements promising to discharge these amounts. Compl. ¶¶168-192 & Exhibits I-M. Plaintiff's Account Stated claim would withstand a challenge.

### H. Respondent Superior

Plaintiff has pled that Reliance, as Admiral's owner and successor in interest, owns Admiral's assets and must answer for Admiral's breaches and torts. Plaintiff's Respondent Superior claim would withstand a challenge under Rule 12(b)(6).

Plaintiff requests that this Court deny the Defendants' request for a pre-motion conference, and that the Court deny Defendants request to file their motions to dismiss.

         Yours truly,

         Brinen & Associates, LLC

         /s/Joshua D. Brinen

Enclosures
cc:  Client (without enclosures)
JDB:jdb