UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

FOMETAL S.R.L.,
an Italian Limited Company,

                              Plaintiff,                    Hon. Katherine P. Failla

   -against-                                   Case No.: 1:22-cv-01928-KPF

KEILI TRADING LLC, a Washington Limited Liability Company, MENDEL LEVITIN a/k/a MENDY LEVITIN, an individual, RELIANCE STEEL & ALUMINUM CO., a Delaware corporation, ADMIRAL SERVICENTER COMPANY, INCORPORATED, a Massachusetts Corporation, and O'NEAL FLAT ROLLED MEATS aka METAL WEST LLC, a Colorado Limited Liability Company,

                              Defendants.

-------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF THE REQUEST FOR JUDGMENT BY DEFAULT AGAINST
## DEFENDANTS KEILI TRADING LLC AND MENDY LEVITIN

                                                   Joshua D. Brinen
                                                 *Attorney for Plaintiff*
                                                 Brinen & Associates, LLC
                                                 90 Broad Street, Tenth Floor
                                                 New York, New York 10004
                                                 (212) 330-8151 (Telephone)

# Table of Contents

Table of Authorities ................................................................................................................. iii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................1

PROCEDURAL BACKGROUND.............................................................................................2

LEGAL STANDARD.................................................................................................................3

ARGUMENT...............................................................................................................................3

    A.  Plaintiff Has a Presumptive Right to Collect the Debt Incurred Under the
        Purchase Order................................................................................................................3

        A.  Breach of Contract (First and Second Causes of Action) ...............................3

        B.  Goods One ......................................................................................................4

        C.  Goods Two......................................................................................................4

    B.  Plaintiff Should Be Afforded the Truth of All Allegations in The
        Complaint Against Defaulting Defendants Keili and Levitin..........................................6

        A.  Common law fraud (Third Cause of Action)..................................................6

        B.  Conversion (Fourth Cause of Action).............................................................6

        C.  Unjust enrichment (Fifth Cause of Action) ....................................................7

        D.  Tortious Interference with Contract (Sixth Cause of
            Action) .............................................................................................................7

        E.  Civil Conspiracy (Seventh Cause of Action)..................................................8

        F.  Racketeer Influenced and Corrupt Organizations
            ("RICO") Act (Eight Cause of Action)............................................................8

        G.  Piercing the Corporate Veil (Ninth Cause of Action)....................................9

        H.  Account Stated (Tenth Cause of Action) ......................................................10

    C.  KEILI TRADING LLC. CANNOT APPEAR IN THIS ACTION
        *PRO SE* ........................................................................................................................10

    D.  KEILI TRADING LLC. AND MENDEL LEVITIN ARE IN
        DEFAULT OF THEIR PLEADING OBLIGATIONS..................................................11

CONCLUSION ............................................................................................................................ 12

# Table of Authorities

**Federal Cases**                                                                                                       **Page(s)**

*Burnette v Carothers*, 192 F3d 52 (2d Cir 1999) .................................................................... 3

*CapLOC, L.L.C. v McCord*, No. 17 Civ. 5788 (AT) (RWL), 2018
U.S. Dist. LEXIS 99321 [S.D.N.Y. June 12, 2018] ........................................................ 7

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F. 3d 151 (2d
Cir. 1999) ................................................................................................................. 12

*Kashi v Gratsos*, 790 F2d 1050 [2d Cir 1986] ........................................................................ 8

*Lavazza Premium Coffees Corp. v Prime Line Distribs.*, 2021 U.S.
Dist. LEXIS 237299 [SDNY Dec. 10, 2021] ................................................................. 7

*Mali v Br. Airways*, 2018 U.S. Dist. LEXIS 112994 (SDNY July 6,
2018) ......................................................................................................................... 6

*Mohegan Lake Motors, Inc. v. Maoli*, 559 F Supp 3d 323 (SDNY
2021) ......................................................................................................................... 9

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5 (2d Cir. 1983) ....................................................... 9

*Rolls-Royce plc v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150
(E.D.N.Y. 2010) ....................................................................................................... 11

*Streetbrains.com, L.L.C. v LYRIS Techs., Inc.*, No. 09 Civ. 1980
(SAS), 2011 U.S. Dist. LEXIS 41757 (S.D.N.Y. Apr. 18, 2011) .......................... 10-11

*Transatlan Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109
F.3d 105 (2d Cir. 1997) ............................................................................................ 11

*Wong v E. Riv. Chinese Rest.*, 884 F Supp 663 (EDNY 1995) ............................................... 3

*Wurtsbaugh v Banc of Am. Sec. L.L.C.*, 2006 U.S. Dist. LEXIS 40473
(SDNY June 20, 2006) .............................................................................................. 4

**State Cases**

*Ga. Malone & Co. v Rieder*, (19 NY3d 511, 516, 973 NE2d 743,
950 NYS2d 333 [2012] .............................................................................................. 7

*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 944 N.E.2d
1104, 919 N.Y.S.2d 465 (2011) ................................................................................. 7

**Federal Statutes**

18 USC § 1961 ................................................................................................... 9

18 USC § 1962 (c) ......................................................................................... 2, 3

28 USC § 1654 ............................................................................................ 1, 10

**Rules**

Federal Rules of Civil Procedure 12 ................................................................... 3

Federal Rules of Civil Procedure 55 ........................................................... 1, 3, 11

**PRELIMINARY STATEMENT**

PLAINTIFF FOMETAL S.R.L. ("Fometal"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its motion for default judgment against defendants Keili Trading LLC ("Keili") and Mendel Levitin a/k/a Mendy Levitin ("Levitin"), (collectively the "Defaulting Defendants"") pursuant to 28 USC § 1654 granting Plaintiff a Default Judgement against the Defaulting Defendants in its entirety with prejudice and awarding Plaintiff monetary damages in an amount to be determined by the Court after an Inquest, plus costs and attorney's fees as provided in Federal Rules of Civil Procedure 55, on the grounds that the Defaulting Defendants failed to file a timely Answer or any other responsive pleading and, as a result, have failed to, and cannot, defend this action as provided by Federal Rules of Civil Procedure 55(a). On July 19, 2022, Plaintiff filed and requested that a default judgment be entered against the Defaulting Defendants. On July 28, 2022, Plaintiff obtained a Certification of Default from the Clerk of this Court. See ECF Doc 67. Pursuant to Federal Rules of Civil Procedure 55(b)(2) of the Federal Rules of Civil Procedure, a default judgement is appropriate.

**STATEMENT OF FACTS**

In November 2018, Plaintiff executed purchase orders with the Customers for the supply of aluminum steel. Plaintiff shipped and delivered the aluminum steel to the Customers. Primrose Alloys paid Plaintiff in full for its receipt of the aluminum steel.

Defendant Admiral and Defendant Metal West failed and or refused to pay Fometal. Defendant Admiral and Defendant Metal West arranged for the aluminum steel to be assigned to Keili and without Plaintiff Fometal's consent. Plaintiff was never paid by either Defendant Keili, Defendant Levitin, Defendant Admiral, or Defendant Metal West for its delivery of the aluminum steel. On September 14, 2021, and October 25, 2021, Plaintiff sent demand and litigation hold

1

letters to Defendant Admiral, Defendant Metal West, Defendant Keili, and Defendant Levitin outlining Plaintiff Fometal's claim and monies owed to Plaintiff for delivery of the aluminum steel. No payment or proposals for payment to Plaintiff Fometal was sent by Defendant Admiral, Defendant Metal West, Defendant Keili, or Defendant Levitin prior to or after the filing of this lawsuit.

On or about December 14, 2021, Defendant Admiral was acquired by Reliance Steel & Aluminum Co. ("Reliance").

On March 8, 2022, Plaintiff filed this lawsuit against Defendant Admiral, Defendant Metal West, Defendant Keili, Defendant Levitin, and Defendant Reliance ("Defendants"). On March 11, 2022, Plaintiff issued a litigation hold letter to Defendant Reliance.

## **PROCEDURAL BACKGROUND**

On September 15, 2021, Plaintiff sent demand letters to Defaulting Defendants Keili and Levitin prior to commencing the above-entitled action. See ECF Doc 4-16. Defaulting Defendants Keili and Levitin provided no meaningful response. On March 8, 2022, Plaintiff Fometal initiated a lawsuit against the Defendants by the filing and service of a Summons and Complaint (the "Lawsuit"). See ECF Doc Nos. 4, 10, 11, 29, and 30. The Lawsuit charged the Defaulting Defendants Keili and Levitin with Breach of Contract under CISG, Common Law Fraud, Conversion, Unjust Enrichment, Tortious Interference with Contractual Relations, Civil Conspiracy, Violation of RICO 18 USC § 1962 (c), Vicarious Liability, and Account Stated. See ECF Doc Com. ¶¶199-370.

Defaulting Defendants Keili and Levitin failed to timely file an Answer or any other responsive pleading. See ECF Doc Nos. 59 and 60. Plaintiff filed and requested that a default judgment be entered against the Defaulting Defendants.

2

Plaintiff obtained a Certification of Default from the Clerk of this Court. See ECF Doc 67. Pursuant to Federal Rules of Civil Procedure 55(b)(2) of the Federal Rules of Civil Procedure, a default judgement is appropriate.

## LEGAL STANDARD

When an application is made to the court under Federal Rules of Civil Procedure 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered. See *Wong v E. Riv. Chinese Rest., 884 F Supp 663, 669 (EDNY 1995)*. In deciding a motion for judgment on the pleadings, the Court of Appeals applied the same standard as that applicable to a motion for failure to state a claim upon which relief may be granted, accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Federal Rules of Civil Procedure 12(b) (c), *Burnette v Carothers,* 192 F3d 52 (2d Cir 1999). Accordingly, Plaintiff respectfully submits that the only issue remaining to be decided in this case is the amount of damages to which Plaintiff is entitled from the Defaulting Defendants Keili and Levitin as a result of their Breach of Contract under CISG, Common Law Fraud, Conversion, Unjust Enrichment, Tortious Interference with Contractual Relations, Civil Conspiracy, Violation of RICO 18 USC § 1962 (c), Vicarious Liability, and Account Stated.

## ARGUMENT

**I.      PLAINTIFF HAS A PRESUMPTIVE RIGHT TO COLLECT THE DEBT INCURRED UNDER THE PURCHASE ORDER.**

　　A.　Breach of Contract (First and Second Causes of Action)

To state a claim for breach of contract the complaint must allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages. If an agreement is complete, clear, and unambiguous on its face, the

3

contract must be enforced according to the plain meaning of its terms. See *Wurtsbaugh v Banc of Am. Sec. L.L.C.*, 2006 U.S. Dist. LEXIS 40473, at *1 (SDNY June 20, 2006). Plaintiff has a presumptive right to collect the indebtedness evidenced by the Purchase Order, signed by Defaulting Defendants Keili and Levitin for delivery of pallets of aluminum sheets ("Goods One") delivered to Defendant Metal West, LLC ("Metal West"). See ECF Doc 4, Complaint ¶¶44-47 & ECF Docs 4-1.

B. <u>Goods One</u>

Defaulting Defendants Keili and Levitin entered into purchase orders with Plaintiff for the delivery of pallets of aluminum sheets on behalf of three customers, Primrose Alloys, and the Defendants Metal West and Admiral Servicenter Company, Incorporated ("Admiral"). See ECF Docs 4-1, Com. ¶¶44-48.

Plaintiff fully performed by delivering the pallets of aluminum sheets to Primrose Alloys, and Defendants Metal West and Admiral. See ECF Doc 4, Complaint ¶35. The Defaulting Defendants Keili and Levitin failed to pay Plaintiff Fometal directly for the delivery of the pallets of aluminum sheets, in default of their obligations under the Purchase Order. See ECF Doc 4, Complaint ¶86. The total order price is seventy-two thousand four hundred forty-five dollars twenty-eight cents ($72,445.28). This sum remains outstanding inclusive of the date of filing this lawsuit.

C. <u>Goods Two</u>

Defendant Admiral placed orders through their agents Defaulting Defendants Keili and Levitin pursuant to purchaser order numbers 87001814 and 87002153 with Plaintiff Fometal for pallets of aluminum sheets ("Goods Two"). See ECF Doc 4, Complaint ¶95. Plaintiff fully performed by delivering Goods Two to Defendant Admiral. See ECF Doc 4, Complaint ¶¶98-102.

4

The total order price is one hundred fifty-one thousand one hundred seventy-one dollars seventy-nine cents ($151,171.79). This sum remains outstanding inclusive of the date of filing this lawsuit. Defaulting Defendants Keili and Levitin have acknowledged they owe this debt to Plaintiff. See ECF Doc 4, Complaint ¶168 & ECF Doc 4-9. Defaulting Defendants Keili and Levitin also made several representations to Plaintiff promising payment for Goods Two which were false. See ECF Doc 4, Complaint ¶¶169-190 & ECF Doc Nos. 4-10-4-13.

Defaulting Defendants Keili and Levitin have failed to appear, answer, or otherwise take any measures to defeat Plaintiff's presumptive right to the prices owed (seventy-two thousand four hundred forty-five dollars twenty-eight cents ($72,445.28)) and one hundred fifty-one thousand one hundred seventy-one dollars seventy-nine cents ($151,171.79), pursuant to the purchase orders they are bound by. See ECF Doc 4-1.

The Defaulting Defendants Keili and Levitin's time to appear, answer or defeat Plaintiff's claims has expired and on April 14, 2022, and April 22, 2022, this Court's Clerk issued certificates of default against the Defaulting Defendants. See ECF Docs 29,30 and 63. Defendant Keili is bound by the terms of the Purchase Order. Any valid defense by Defendant Keili must attack the validity of the subject Purchase Order itself, thereby proving bad faith, duress, estoppel, fraud, or waiver. No such defenses were filed by Defendant Keili in this lawsuit. Defendant Levitin is the only member of Defendant Keili, a limited liability company. See ECF Doc 4, Complaint ¶¶3-4. No distinction separates Defendant Keili and Defendant Levitin. Defendant Levitin should not be permitted to escape for the wrongs committed by Defendant Keili where Defendant Levitin communicated false statements to Plaintiff that were relied upon by it. See ECF Doc 4, Complaint ¶¶169-190 & ECF Doc Nos. 4-10-4-13.

By Defaulting Defendants Keili and Levitin's failure to appear, they have utterly failed to carry their burden.

Accordingly, Plaintiff has a clear right to collect the unpaid debt evidenced by the Purchase Order and to recoup the monies owed under said Purchase Orders, i.e., seventy-two thousand four hundred forty-five dollars twenty-eight cents ($72,445.28), and one hundred fifty-one thousand one hundred seventy-one dollars seventy-nine cents ($151,171.79) plus additional interest and reasonable attorneys' fees.

## II. PLAINTIFF SHOULD BE AFFORDED THE TRUTH OF ALL ALLEGATIONS IN THE COMPLAINT AGAINST DEFAULTING DEFENDANTS KEILI AND LEVITIN.

### A. Common law fraud (Third Cause of Action)

This Court in *Mali v Br. Airways*, 2018 U.S. Dist. LEXIS 112994, at *29-30 (SDNY July 6, 2018) stated a claim for fraud must: [i] specify the statements that the plaintiff contends were fraudulent, [ii] identify the speaker, [iii] state where and when the statements were made, and [iv] explain why the statements were fraudulent."

Plaintiff pled with specificity instances of fraud committed by Defaulting Defendants Keili and Levitin as Admiral's agents including precise false statement(s), medium(s) of communication of same, the time and date of such communication(s) and the reliance and loss suffered by Plaintiff. Plaintiff has pled Defendant Levitin made false promises of payment. ECF Doc 4, Complaint ¶¶168-192 & ECF Doc Nos. 4-10-4-13.

### B. Conversion (Fourth Cause of Action)

To support a claim for conversion plaintiff must allege: [i] the property subject to conversion is a specific identifiable thing; [ii] plaintiff had ownership, possession, or control over the property before its conversion; and [iii] defendant exercised an unauthorized dominion over

the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." See *Lavazza Premium Coffees Corp. v Prime Line Distribs.*, 2021 U.S. Dist. LEXIS 237299, at *51-54 [SDNY Dec. 10, 2021]. Plaintiff pled that Defaulting Defendants Keili and Levitin took Goods Two without payment. See ECF Doc 4, Complaint ¶¶7,34,39-40,95,100 & 113. Plaintiff possesses a superior title to Goods Two. See ECF Doc 4, Complaint ¶¶251-254.

C. <u>Unjust enrichment (Fifth Cause of Action)</u>

A plaintiff who wishes to state a claim for unjust enrichment must allege "that [i] the other party was enriched, [ii] at that party's expense, and [iii] that it is against equity and good conscience to permit the other party to retain what is sought to be recovered[.]" See *Ga. Malone & Co. v Rieder*, (19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 [2012] (quoting *Mandarin Trading Ltd. v.. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 919 N.Y.S.2d 465 (2011)). Plaintiff has pled the following: Defaulting Defendants Keili and Levitin acted as Admiral and Metal West's agents to purchase Goods One and Two. Both Goods One and Two were delivered to and taken by Defaulting Defendants Keili and Levitin but never paid for by Defaulting Defendants Keili and Levitin. See ECF Doc 4, Complaint ¶¶7,34,39-40,95. Defaulting Defendants Keili and Levitin have been unjustly enriched by receiving Goods One and Two and never paying for them.

D. <u>Tortious Interference with Contract (Sixth Cause of Action)</u>

In order to prevail on a cause of action for tortious interference with contractual relations, a plaintiff must establish (1) "the existence of a valid contract between plaintiff and a third party," (2) "the defendant's intentional and unjustified procurement of the third party's breach of the contract," (3) "the actual breach of the contract," and (4) "damages." See CapLOC, L.L.C. v McCord, No. 17 Civ. 5788 (AT) (RWL), 2018 U.S. Dist. LEXIS 99321, at *24 [S.D.N.Y. June 12, 2018].

Plaintiff has pled the following: Defaulting Defendants Keili and Levitin entered into purchase orders with Plaintiff for the delivery of pallets of aluminum sheets on behalf of Defendants Metal West and Admiral. See ECF Docs 4, Com. ¶¶44-48,95 & ECF Docs 4-1, Defaulting Defendants Keili and Levitin intentionally procured Defendants Metal West and Admiral's breach of the purchase orders by requesting them to unlawfully transfer Goods One and Two to Defaulting Defendants Keili and Levitin without seeking Plaintiff's consent. These acts caused Plaintiff to suffer loss and damages because the Goods One and Two were unlawfully taken without payment. See ECF Docs 4, Com. ¶¶56-94,121-167.

### E. Civil Conspiracy (Seventh Cause of Action)

To make out a *prima facie* case of civil conspiracy under New York law, the plaintiff must adequately plead the following four elements: "(1) the corrupt agreement between two or more persons, (2) an overt act, (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage." See Kashi v Gratsos, 790 F2d 1050, 1055 [2d Cir 1986].

Plaintiff pled the Defaulting Defendants Keili and Levitin were retained by three customers - Primrose Alloys, and the Defendants Metal West and Admiral (the "Breaching Parties"). See ECF Doc 4, Complaint ¶34. Plaintiff delivered the goods to all three customers. See ECF Doc 4, Complaint ¶35. Primrose Alloys paid Plaintiff for the delivery of goods. See ECF Doc 4, Complaint ¶36. Breaching Parties never paid Plaintiff. Breaching Parties agreed to a plan and or scheme with Defaulting Defendants Keili and Levitin as agents to take Goods One and Goods Two from Plaintiff without payment. See ECF Doc 4, Complaint ¶¶42-43, 95 & 113.

### F. Racketeer Influenced and Corrupt Organizations ("RICO") Act (Eight Cause of Action)

Plaintiff must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering

activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. See *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983).

Plaintiff alleges that Defendants' scheme to defraud and unlawfully take possession of Plaintiff's shipped goods and related improper acts, encompasses numerous predicate acts. 18 USC § 1961. Defendants' acts include theft from interstate shipment, relating to fraud and related activity in connection with identification documents, and relating to wire fraud. Defendants used the internet, e-mail, interstate wires, and engaged in monetary transactions derived from specified unlawful activity. The Defaulting Defendants Keili and Levitin orchestrated that the Breaching Parties pose as 'customers' to trick Plaintiff into shipping Goods One and Goods Two to steal Goods One and Goods Two. See ECF Doc 4, Complaint ¶314.

### G. Piercing the Corporate Veil (Ninth Cause of Action)

Piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury. See *Mohegan Lake Motors, Inc. v. Maoli*, 559 F Supp 3d 323, 327 (SDNY 2021).

Defendant Levitin is the only member of Defendant Keili, a limited liability company. See ECF Doc 4, Complaint ¶¶3-4. There is no distinction between Defendant Keili and Defendant Levitin. Defaulting Defendants Keili and Levitin were retained by three customers - Primrose Alloys, and the Defendants Metal West and Admiral (the "Breaching Parties"). See ECF Doc 4,Compl. ¶34. Plaintiff delivered the goods to all three customers. See ECF Doc 4, Complaint ¶35. Primrose Alloys paid Plaintiff for the delivery of goods. See ECF Doc 4, Complaint¶36. Breaching Parties never paid Plaintiff. Defaulting Defendants Keili and Levitin never paid Plaintiff.

9

Breaching Parties agreed to a plan and or scheme with Defaulting Defendants Keili and Levitin as agents to take Goods One and Goods Two from Plaintiff without payment. See ECF Doc 4, Complaint ¶¶42-43, 95 & 113. Defendant Levitin should not be permitted to escape for the wrongs committed by Defendant Keili where Defendant Levitin communicated false statements to Plaintiff that were relied upon by Plaintiff. See ECF Doc 4, Complaint ¶¶169-190 & ECF Doc Nos. 4-10-4-13.

      H.   <u>Account Stated (Tenth Cause of Action)</u>

Plaintiff pled that Defaulting Defendants Keili and Levitin refused to pay for Goods One and Two. See ECF Doc 4, Complaint ¶¶39,43 & ECF Doc Nos. 4-10-4-13. Defaulting Defendants Keili and Levitin as agents for Defendants' Admiral and Metal West never disputed the quantum of these invoices. Defaulting Defendants Keili and Levitin made false statements promising to discharge these amounts. See ECF Doc 4, Complaint ¶¶168-192 & ECF Doc Nos. 4-10-4-13.

**III.    KEILI TRADING LLC. CANNOT APPEAR IN THIS ACTION *PRO SE.***

As a Washington Limited Liability Company, Keili is a separate entity that may not appear in this action *pro se.* Although the right of self-representation is provided for in 28 USC § 1654, which allows a non-attorney to appear in *propria persona* in his or her own behalf, that privilege is personal to the individual. The non-attorney has no authority to appear as an attorney for others. Judge Scheindlin in her decision, Judge Scheindlin held that:

> "It is well established "that a corporation, which is artificial entity that can only act through agents, cannot proceed *pro se.*" [Citation omitted] Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." [Citation omitted] Therefore, at the time I granted counsel's motion to withdraw in December 2009, Streetbrains was barred from proceeding further without retaining new counsel. Although Streetbrains' managing member was informed of this rule, Streetbrains refused to retain new counsel. *Streetbrains.com, L.L.C. v*

>   LYRIS Techs., Inc., No. 09 Civ. 1980 (SAS), 2011 U.S. Dist. LEXIS 41757
>   (S.D.N.Y. Apr. 18, 2011).

As noted above, the Court acknowledged in the Order that Streetbrains could not appear *pro se,* Streetbrains was informed of this decision and has failed to retain new counsel.

Accordingly, Keili cannot defend this action and a default judgment should be entered.

### IV. KEILI TRADING LLC. AND MENDEL LEVITIN ARE IN DEFAULT OF THEIR PLEADING OBLIGATIONS.

Federal Rules of Civil Procedure 55 states in pertinent part as follows:

> "(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) ENTERING A DEFAULT JUDGMENT.
>
> > (1) *By the Clerk.* If the plaintiff's claim is for a sum certain . . . .
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter."

As Plaintiff's claims are not for a sum certain, the Court should apply Federal Rules of Civil Procedure 55(b)(2). In ruling on this application under Federal Rules of Civil Procedure 55(b)(2), the Court must deem that all properly pleaded allegations in the Complaint are true. See *Transatlan Marine Claims Agency, Inc.* v. *Ace Shipping Corp.,* 109 F.3d 105, 108 (2d Cir. 1997). If the factual allegations in the Complaint are accepted as true and provide a proper basis for liability and relief, then the default judgment should issue. See *Rolls-Royce plc v. Rolls-Royce USA, Inc.,* 688 F. Supp. 2d 150 (E.D.N.Y. 2010). However, since the allegations in the complaint, with respect to the

amount of the damages, are not deemed to be true, the Court "may conduct hearings or make referrals…when, to enter or effectuate default, it needs to…determine the amount of damages [or] establish the truth of any allegations by evidence." See *Credit Lyonnais Sec. (USA), Inc.* v. *Alcantara,* 183 F. 3d 151 (2d Cir. 1999).

The Court should be able to determine the monetary damages that have been sustained by Plaintiff. Plaintiff is also prepared, should the Court deem it necessary, to testify at an Inquest Hearing in support of its damage claims.

## **CONCLUSION**

For these reasons, Plaintiff Fometal respectfully requests that this Court enter a default judgment against Defaulting Defendants Keili Trading LLC and Mendy Levitin for: (i) compensatory damages of no less than one million dollars ($1,000,000) to be determined by the Court following an Inquest; (ii) exemplary and treble damages to be determined by the Court following an Inquest; (iii) attorney's fees and costs of suit; (iv) pre-judgment interest at the maximum rate allowed by law; and (viii) any other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joshua D. Brinen
Joshua D. Brinen
State Bar No.:     2868115
SDNY Bar No.:   JB9708

/s/ Mark E. White
Mark E. White
State Bar No.:     5760889
SDNY Bar No.:   5760889
Brinen & Associates, LLC
90 Broad Street, Tenth Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)

jbrinen@brinenlaw.com
mwhite@brinenlaw.com
Attorneys for Plaintiff Fometal S.R.L.

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 23, 2022, a true and correct copy of PLAINTIFF FOMETAL S.R.L.'s MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR DEFAULT JUDGMENT was filed with the Clerk of the Court using the Court's CM/ECF system and served on all counsel of record.

Frederick L. Whitmer
State Bar No. 3835733
The Grace Building 1114 Avenue of the Americas
New York, NY 10036
fwhitmer@kilpatricktownsend.com
Tel: (212) 775-8773
Fax: (212) 775-8821

Cole Ramey (admitted *pro hac vice*)
cramey@kilpatricktownsend.com
Christin J. Jones (admitted *pro hac vice*)
cjones@kilpatricktownsend.com
Zoe Phelps (admitted *pro hac vice*)
zphelps@kilpatricktownsend.com
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Tel: (214) 922-7100
Fax: (214) 279-9277

ATTORNEYS FOR RELIANCE STEEL & ALUMINUM

Russell Porter
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017
212-915-5140

Email: Russell.Porter@wilsonelser.com

ATTORNEYS FOR DEFENDANT,
METALWEST, L.L.C. i/s/h/a O'NEAL FLAT
ROLLED MEATS AKA METAL WEST LLC

Keili Trading LLC
4027 NE 60th Street
Seattle, Washington 98115

E-mail: Mendy@keilimetals.com

DEFENDANT KEILI TRADING LLC

Mendy Levitin
6519 49th Avenue NE
Seattle, Washington 98115-7732

E-mail: keilimetals@gmail.com

DEFENDANT MENDEL
LEVITIN a/k/a MENDY LEVITIN

/s/ Joshua D. Brinen
Joshua D. Brinen