UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOMETAL S.R.L., *an Italian Limited Company*,<br><br>Plaintiff,<br><br>-v.-<br><br>KEILI TRADING LLC, *a Washington Limited Liability Company*, MENDEL LEVITIN *an individual also known as* MENDY LEVITIN, RELIANCE STEEL & ALUMINUM CO., *a Delaware corporation*, ADMIRAL SERVICENTER COMPANY, INCORPORATED, *a Massachusetts Corporation*, and O'NEAL FLAT ROLLED METALS *a/k/a* METAL WEST LLC, *a Colorado Limited Liability Company*,<br><br>Defendants. | 22 Civ. 1928 (KPF)<br><br>**DEFAULT JUDGMENT AGAINST DEFENDANTS KEILI TRADING LLC and MENDEL LEVITIN a/k/a MENDY LEVITIN** |

KATHERINE POLK FAILLA, District Judge:[1]

Defendants Keili Trading LLC and Mendel Levitin a/k/a Mendy Levitin (the "Defaulting Defendants"), have failed to plead or otherwise defend in this action, have had a certificate of default entered against them by the Clerk of Court upon application of Plaintiff Fometal S.R.L, and have defaulted for failing to appear pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Accordingly, it is hereby:

ORDERED and ADJUDGED that Plaintiff Fometal S.R.L. be granted judgment of liability against Defendants Keili Trading LLC and Mendel Levitin a/k/a Mendy Levitin for breach of contract under the United Nations

---

[1]    The Clerk of Court is directed to amend the caption in accordance with the above.

Convention on Contracts for the International Sale of Goods for the reasons set forth herein.

Plaintiff filed its motion for default judgment as to Defaulting Defendants on September 23, 2022 (Dkt. #68), and the Court entered an order to show cause on September 26, 2022, setting a hearing date of December 1, 2022 (Dkt. #71). Plaintiff effected service of both the Motion and Show Cause Order on Keili Trading LLC on October 17, 2022 (Dkt. #74), and on Mendel Levitin on October 25, 2022 (Dkt. #78). The Court held the Show Cause Hearing on December 1, 2022, at which time Defaulting Defendants neither responded to the Motion, nor appeared.

Because a "default is an admission of all well-pleaded allegations against the defaulting party[,]" *Friar* v. *Wyndham Vacation Resorts, Inc.*, No. 20 Civ. 2627 (JPO), 2022 WL 912752, at *1 (S.D.N.Y. Mar. 28, 2022) (internal quotation marks omitted), the Court must "accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor," *id.* (quoting *Belizaire* v. *RAV Investigative and Sec. Srvs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014)). Nonetheless, a district court must independently "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law[,]" *Finkel* v. *Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009), and "need not agree that the alleged facts constitute a valid cause of action," *City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain* v. *Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

As the Court noted at the Show Cause Hearing, while it accepts Plaintiff's well-pleaded allegations against the Defaulting Defendants as true, it finds that Plaintiff has failed to adequately plead the elements of a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[2] *See Entretelas Americanas S.A.* v. *Soler*, No. 19 Civ. 3658 (LAK) (RWL), 2020 WL 9815186, at *4-7 (S.D.N.Y. Feb. 3, 2020) (discussing elements of civil RICO) ("Courts have frequently described civil RICO as an extreme cause of action and 'an unusually potent weapon — the litigation equivalent of a thermonuclear device.'" (quoting *Katzman* v. *Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (internal quotation marks omitted))). As such, Plaintiff's motion for default judgment is denied as to that claim.

Following the Show Cause Hearing, the Court reviewed the Complaint further, and now finds that Plaintiff has failed to adequately plead both its civil conspiracy claim and its veil-piercing theory of liability. Accordingly, Plaintiff's motion for default judgment is denied as to those claims. *See, e.g.*, *Fisk* v. *Letterman*, 424 F. Supp. 2d 670, 677 (S.D.N.Y. 2006) (discussing elements of civil conspiracy) ("even if [plaintiff] had adequately pled an independent tort, [plaintiff] has offered no more than conclusory assertions of [defendant's] involvement in the purported conspiracy, and [plaintiff's] civil conspiracy claim must therefore be dismissed"); *In re Currency Conversion Fee Antitrust Litig.*,

---

[2]  This Opinion draws its facts from the Complaint ("Compl." (Dkt. #4)), the well-pleaded allegations of which are taken as true on this motion. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003) ("[P]urely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard.").

      Plaintiff alleges several other claims that appear to be adequately pleaded, but that are duplicative of Plaintiff's breach of contract claim. "[C]laims are duplicative of one another if they arise from the same facts and do not allege distinct damages." *NetJets Aviation, Inc.* v. *LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008).  At base, and in part owing to somewhat conflicting allegations in the Complaint, the Court can find liability on the part of Defaulting Defendants under one of two theories: either (i) Defaulting Defendants were parties to the contracts at issue here and therefore potentially liable under a breach of contract theory (*see* Compl. ¶¶ 34-35 ("Defendants Keili and Levitin entered into purchase orders with Plaintiff based on these three customers for the delivery of pallets of aluminum sheets."), ¶ 86 ("Defendant Keili never paid Plaintiff Fometal for delivery of Goods One"), ¶¶ 199-228 (alleging breach of contract claims against "all Defendants")); or (ii) Defaulting Defendants were third parties to the contracts and therefore potentially liable under a theory of tortious interference with contractual relations between Plaintiff and non-defaulting Defendants (*see id.* ¶¶ 47-55, 79 ("Defendants Keili and Levitin were aware of the November 27, 2018, purchase order contract under POOG14004 between Defendant Metal West and Plaintiff Fometal for Goods One"), ¶ 62 ("Defendant Metal West instead unlawfully arranged for Defendant Keili to take possession of Goods One"), ¶ 127

4

("Defendants Keili and Levitin were aware of the existence of a contract between Plaintiff Fometal and Defendant Admiral [of Goods Two]")).

Because both theories have been adequately pleaded, and because the tortious interference and remaining claims arise out of the same facts as the breach of contract claim and request damages arising out of the breach of contract claim,[3] Plaintiff's claims of conversion, unjust enrichment, tortious interference, vicarious liability, and account stated are duplicative of its breach of contract claim, and the request for default judgment is therefore denied as to those claims.  *See Pro. Merch. Advance Capital, LLC* v. *C Care Servs., LLC*, No. 13 Civ. 6562 (RJS), 2015 WL 4392081, at *6 (S.D.N.Y. July 15, 2015) (dismissing *sua sponte* plaintiff's unjust enrichment and account stated claims as duplicative of its breach of contract claim where "there [was] an enforceable agreement and the same damages [were] sought"); *Media Tenor Int'l AG* v. *Medco Health Solutions, Inc.,* No. 13 Civ. 7223 (DLC), 2014 WL 2933215, at *8 (S.D.N.Y. June 27, 2014) ("If plaintiff can prove an enforceable contract, then it will be able to recover under [that] cause of action, and the account stated claim can be dismissed." (internal quotation marks omitted)); *Nat'l Westminster Bank PLC* v. *Ret. Care Assocs., Inc.,* No. 98 Civ. 6023 (JSM), 1999 WL 239677,

---

[3]    Plaintiff seeks compensatory damages of "no less than one million dollars" for all claims, but solely points to the cost of the contracts — namely, $223,617.07 — as a basis for recovery.  (Compl. ¶ 212 (noting in breach of contract claim that "Defendants are liable to Plaintiff in the sum of ... $223,617.07), ¶ 228 (same), ¶ 257 (same for conversion claim), ¶ 274 (same for unjust enrichment claim)).  While the remaining claims (common law fraud, tortious interference, and account stated) request "damages to be determined at trial" (*Id.* ¶¶ 240, 291, 358), the injury and harm resulting therefrom are all centered around and caused by the alleged breach of contract claim and, as such, are duplicative.  *See Purchase Partners, LLC* v. *Carver Federal Sav. Bank*, 914 F. Supp. 2d 480, 498-99 (S.D.N.Y. 2012).

at *4 (S.D.N.Y. Apr. 23, 1999) ("Where there is an enforceable written contract governing the particular subject matter, the claims based on quasi-contract theories, such as unjust enrichment …, can be dismissed because they are duplicative of the breach of contract claim."); *LG Capital Funding, LLC* v. *Ubiquity, Inc.*, No. 16 Civ. 310 (LDH) (SMG), 2017 WL 3173016, at *3 (E.D.N.Y. May 12, 2017), *report and recommendation adopted*, No. 16 Civ. 3102 (LDH) (SMG), 2017 WL 3168961 (E.D.N.Y. July 25, 2017) ("Where, as here, however, the 'matter is controlled by contract' and the claim for unjust enrichment seeks the same relief as is sought for breach of contract, the unjust enrichment claim is properly dismissed as duplicative.").

Similarly, as to the common law fraud claim, "a cause of action for fraud cannot exist when the fraud claim arises out of the same facts as a breach of contract claim with the sole additional allegation that the defendant never intended to fulfill its express contractual obligations." *Nwagboli* v. *Teamwork Transp. Corp.*, No. 08 Civ. 4562 (JGK) (KNF), 2009 WL 4797777, at *5 (S.D.N.Y. Dec. 7, 2009) (internal citations omitted); *accord Astroworks, Inc.* v. *Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 616 (S.D.N.Y. 2003) ("[A] plaintiff cannot disguise a breach of contract claim as a fraud claim[.]")  "Thus, the 'critical question,' concerning whether separate breach of contract and fraud claims may be maintained, is whether the alleged misrepresentation was 'collateral or extraneous' to the contract in question." *Nwagboli*, 2009 WL 4797777, at *5 (quoting *Astroworks*, 257 F. Supp. 2d at 616 (citation omitted)). Here, Plaintiff's sole allegations of fraud concern Defaulting Defendants' alleged

6

representations that payment would be made in fulfillment of the contracts — the very "heart of the contract[s] between the parties." *Id.* (*See also* Compl. ¶¶ 229-240). As such, the fraud claim is duplicative and the motion is denied as to that claim as well.

At this stage, the Court makes no finding as to the amount of damages to be awarded. Indeed, where "some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Montcalm Pub. Corp.* v. *Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks and citation omitted); *see also Ainbinder* v. *Money Ctr. Fin. Grp., Inc.*, No. 10 Civ. 5270 (SJF) (AKT), 2013 WL 1335997, at *13 (E.D.N.Y. Feb. 28, 2013), *report and recommendation adopted*, 2013 WL 1335893 (E.D.N.Y. Mar. 25, 2013). Due to the possibility that Defaulting Defendants and non-defaulting Defendants may be held jointly and severally liable for the same damages — namely, the sum of two hundred twenty-three thousand six hundred seventeen dollars seven cents ($223,617.07), the cost of the two contracts at issue, plus pre-judgment interest pursuant to NY CPLR § 5001, and post-judgment interest pursuant to 28 U.S.C. § 1961(a) (*see* Mem. of Law in Support of Mot. for Def. Judg. at 6, 12) — the Court defers a finding of damages until the case is resolved as to the non-defaulting Defendants. *See Woods* v. *Fitzcon Constr./Ren Corp.*, No. 20 Civ. 8088 (ALC) (SLC), 2022 WL 3868115, at *12-13 (S.D.N.Y. Aug. 3,

2022), *report and recommendation adopted*, No. 20 Civ. 8088 (ALC) (SLC), 2022 WL 3908007 (S.D.N.Y. Aug. 30, 2022), and finds that "the proper procedure is to consolidate the inquest [when the non-defaulting Defendants' case is resolved] to determine the level of damages as to the Defaulting Defendants with the damages aspect of the trial against the non-defaulting defendants[.]" *Montcalm*, 807 F. Supp. at 978.

    The Clerk of Court is directed to terminate the pending motion at docket number 68.

Dated:    December 7, 2022        SO ORDERED.
           New York, New York

                                                Hon. Katherine Polk Failla
                                                United States District Judge