Brinen & Associates, LLC

Joshua D. Brinen
Attorney at Law
New York Office
jbrinen@brinenlaw.com

Member New York, New Jersey, Florida, California, Texas & Nevada Bar
LL.M. in Taxation

April 2, 2023

**VIA ECF**

Hon. Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



MEMO ENDORSED

      Re:    Parties Joint letter as per courts order
                 Fometal S.R.L. vs. Keili Trading LLC, et al.
                 Case Number: 1:22-cv-01928
                 Our File No.: Fometal.11

Dear Judge Failla:

Plaintiff, Fometal S.R.L and defendants Reliance Steel & Aluminum Co. ("Reliance"), Admiral Servicenter Company, Inc. ("Admiral") and O'Neal Flat Rolled Metal a/k/a Metal West LLC ("Metal West") (collectively the "Parties") submit this joint letter pursuant to the court's order of March 20, 2023. See ECF Doc. No. 95.

The court requested the Parties to advise the court on 1) the next steps in light of Her Honor Magistrate Ona T. Wang's communication that the parties were unable to reach a settlement; and 2) the Parties' positions regarding the defendants' pending motions to dismiss the case.

**Plaintiffs position**

Issue 1

After the Parties pre-settlement calls with Her Honor Magistrate Wang on January 31, 2023, and March 9, 2023, the plaintiff sent an electronic mail message on March 17, 2023, to her requesting an alternative mediator to conduct settlement discussions between the

90 Broad Street, Tenth Floor
New York, New York 10004
Telephone: (212) 330-8151
Facsimile: (212) 227-0201

1700 Post Oak Boulevard
2 Boulevard Place, Suite 600
Houston, Texas 77056
Telephone: (281) 815-4368
Facsimile: (281) 241-4444

# Brinen & Associates, LLC

March 28, 2023

Page 2

Parties. The plaintiff did not hear back from Her Honor Magistrate Wang regarding this request.

Issue 2

Plaintiff is confident, based on its well-pled complaint, that Plaintiff can establish liability against defendants Admiral, and Metal West based on contract liability. Plaintiff shipped and delivered the aluminum. A fact not disputed by any defendant in this lawsuit. Primrose Alloys was a third customer bound by the exact same purchase order as Admiral, and Metal West for the delivery of three containers of aluminum from Plaintiff. Keili Trading LLC signed the purchase order for Primrose Alloys. See ECF Doc 4-1, p.3. Upon receipt of the aluminum, Primrose Alloys paid Fometal directly and not Keili Trading LLC on April 3, 2019, and May 21, 2019.

Defendants Admiral and Metal West are liable to the plaintiff based on principal-agency theory. *See Hyosung Am., Inc. v. Sumagh Textile Co., Ltd.*, 934 F. Supp. 570, 575 (S.D.N.Y. 1996), *BAII Banking Corp. v UPG, Inc.*, 985 F2d 685, 687 (2d Cir 1993) quoting 11 N.Y. Jur.2d Brokers 1, at 342 (1981) and *Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 163 (1993). Reliance, the entity that acquired Admiral's assets is liable based on successor liability.

Defendants Admiral and Metal West were the consignees of the aluminum as per the accompanying documents to the purchase orders with Plaintiff and were the only parties that could accept the aluminum and clear the shipments through customs when entering the United States. Keili Trading LLC could not accept the goods or clear those goods through customs. See ECF Doc 4-1, pp.5-6. The contracts for the aluminum were between Plaintiff and Defendants Admiral and Metal West.

Based on the court's comments on December 1, 2022, during the hearing of Plaintiff's motion for default judgment against defendants Keili Trading LLC and Mendy Levitin if Plaintiff must replead the RICO Statute cause of action in its Complaint based upon Defendants Reliance, Admiral, and Metal West's pending motions to dismiss, Plaintiff will do so at the direction of this Court.

This court has general and specific personal jurisdiction over Reliance based on the transaction at issue, aluminum arriving into New York State, the fact that Reliance has reached into the forum state acquiring assets of two entities trading and with offices in New York State. This court has specific personal jurisdiction over Metal West by retaining Keili Trading LLC who in turn conducted business and reached into the forum state connected with the transactions at issue in this lawsuit. Keili Trading LLC in this lawsuit did not dispute this courts personal jurisdiction over it.

# Brinen & Associates, LLC

March 28, 2023

Page 3

If the Court did not agree that this Court has both general and specific jurisdiction over the several Defendants, this Court could transfer this entire lawsuit to the United States District Court, Central District of California pursuant to 28 U.S.C. § 1404. This Court has personal jurisdiction against <u>all defendants</u> dating back to when this lawsuit was filed. A transfer is appropriate based on the convenience of the parties, the convenience of witnesses, and the interests of justice. See *POSVEN v. Liberty Mut. Ins. Co.*, 303 F Supp 2d 391 (SDNY 2004). If this Court did not agree to either retain this matter or send this matter to California, this Court could bifurcate this lawsuit and transfer defendant Metal West to the United States District Court, the District of Colorado pursuant to 28 U.S.C. § 1404. Metal West is a Colorado State entity with its principal place of business in the state of Colorado.

Plaintiff's law firm has attorneys admitted in California and in the United States District Court, the District of Colorado. Plaintiff is not going away and has made this clear to all defendants during this lawsuit.

**Defendants Reliance and Admiral's position**

Defendants Reliance and Admiral participated in two settlement conferences with Magistrate Judge Wang and one settlement dialogue with counsel for Plaintiff. Such discussions were ultimately unsuccessful.

At this time, Defendants' motions to dismiss are fully briefed and ripe for ruling. Defendants Reliance and Admiral hereby request the Court to proceed with ruling on Defendant Reliance's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Defendants Reliance and Admiral's 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF Nos. 51-54) and dismiss all claims against them in their entirety for the reasons stated in such motions. Defendants Reliance and Admiral further request that this proceeding otherwise remain stayed pending ruling on all outstanding motions to dismiss.

**Defendant Metal West's position**

Defendant O'Neal Flat Rolled Metals aka Metal West LLC ("Metalwest") participated in two settlement conference calls with Magistrate Judge Wang. Those calls ultimately did not bear fruit. Your Honor has requested that the parties file a joint letter with proposed next steps, including the parties' position regarding Defendants' previously-filed motions to dismiss.

Rather than rehash or further brief the arguments set in those motions, as Plaintiff has chosen to do above, Metal West will simply state that Plaintiff's claims against Metalwest lack substantive merit. Metalwest did not have any agreement with Plaintiff, and neither Keili Trading nor Mendel Levitin were acting as Metalwest's agent. Metalwest was

# Brinen & Associates, LLC

March 28, 2023

Page 4

buying steel from Keili Trading, who apparently, in turn, decided to source said steel from Plaintiff.

Plaintiff also chose to sue Metalwest in the wrong court. As noted in prior correspondence, and as reflected by Plaintiff's service of documents upon Levitin and Keili Trading on numerous occasions in Washington State and not New York, neither Metalwest nor Plaintiff's claims against it have any connection to New York. Plaintiff concedes as much by suggesting that the Court transfer this Action to another District. Accordingly, Metalwest proposes that the stay presently applicable to the matter be lifted and that its motion be heard when convenient to the Court. For the reasons stated in Metalwest's motion papers, this matter should be dismissed against it.

Thank you in advance for your consideration.

Respectfully,

/s/ Joshua D. Brinen
Joshua D. Brinen
Mark E. White
*Attorney for Plaintiff*
Brinen & Associates, LLC
90 Broad Street, Tenth Floor
New York, New York 10004
(212) 330-8151 (Telephone)


/s/ Christin J. Jones
Cole B. Ramey (admitted *pro hac vice*)
Christin J. Jones (admitted *pro hac vice*)
Zoe P. Stendara (admitted *pro hac vice*)
Frederick L. Whitmer
*Attorneys for Reliance Steel & Aluminum Co. and Admiral Metals Servicenter Company, Incorporated*
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
(214) 922-7148 (Telephone)


/s/ Russell Porter
Russell Porter

# Brinen & Associates, LLC

March 28, 2023

Page 5

*Attorney for Defendant O'Neal Flat Rolled Metals aka Metal West LLC*
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017
212-915-5140 (Telephone)

```
Plaintiff's request for leave to amend its civil RICO claim is
GRANTED, and Defendants' pending motions to dismiss are hereby
DENIED without prejudice as moot.  Plaintiff shall file an amended
complaint on or before May 2, 2023; Defendants shall file their
motions to dismiss on or before June 5, 2023; Plaintiff shall file
its opposition on or before July 6, 2023, and Defendants' reply, if
any, shall be filed on or before July 21, 2023.  The Court
acknowledges the significant amount of work the parties have
expended on the motion to dismiss briefing, and does not anticipate
that such work will be for naught when drafting the renewed motions
to dismiss and opposition brief.

The Clerk of Court is directed to lift the stay in this case, and to
terminate the pending motions at docket numbers 47 and 51.

Dated:    April 4, 2023            SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE