Joshua D. Brinen, Esq.
Mark E. White, Esq.
**BRINEN & ASSOCIATES, LLC**
90 Broad Street, Tenth Floor
New York, New York 10004
Telephone: (212) 330-8151
Facsimile: (212) 227-0201
Email: jbrinen@brinenlaw.com
Email: mwhite@brinenlaw.com
*Attorneys for Plaintiff Fometal S.R.L.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | | |
|---|---|---|
| FOMETAL S.R.L., *an Italian limited liability company* | : : : | Hon. Katherine Polk Failla |
| Plaintiff, | : : : | Docket No.: 1:22-cv-01928 (KPF) |
| v. | : : | |
| ADMIRAL SERVICENTER COMPANY, INCORPORATED, *a Massachusetts corporation* | : : : | |
| Defendant. | : : | |

---------------------------------------------------------------X

## PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual; or

   e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or

that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

    4.     If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, they may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

    5.     No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

        a.     the parties to this action, their representatives, agents, experts, and consultants;

        b.     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

        c.     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        d.     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

        e.     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such

person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action and

g. the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the

designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]

**SO STIPULATED AND AGREED.**

Dated: March 21, 2024

| **BRINEN & ASSOCIATES, LLC** | **KILPATRICK TOWNSEND & STOCKTON LLP** |
|---|---|
| By:    /s/ Joshua D. Brinen             <br> Joshua D. Brinen, Esq. <br> Mark E. White, Esq. <br> 90 Broad Street, Tenth Floor <br> New York, New York 10004 <br> Telephone: (212) 330-8151 <br> Fcsimile: (212) 227-0201 <br> jbrinen@brinenlaw.com <br> mwhite@brinenlaw.com <br> *Attorneys for Plaintiff Fometal S.R.L* | By:        /s/Christin J. Jones    <br> Christin J. Jones, Esq. <br> Frederick Whitmer, Esq. <br> The Grace Building <br> 1114 Avenue of the Americas <br> New York, New York 10036 <br> Telephone: (212) 775-8773 <br> Facsimile: (212) 775-8821 <br> cjones@ktslaw.com <br> fwhitmer@ktslaw.com <br> *Attorneys for Defendant Admiral Servicenter, Inc.* |

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Practice in Civil Cases.

**SO ORDERED.**

Dated: New York, New York
       <u>March 22,  </u>, 2024

_____
 Hon. Katherine Polk Failla
 United States District Judge

Joshua D. Brinen, Esq.
Mark E. White, Esq.
**BRINEN & ASSOCIATES, LLC**
90 Broad Street, Tenth Floor
New York, New York 10004
Telephone: (212) 330-8151
Facsimile: (212) 227-0201
Email: jbrinen@brinenlaw.com
Email: mwhite@brinenlaw.com
*Attorneys for Plaintiff Fometal S.R.L.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
FOMETAL S.R.L., *an Italian limited liability company*,

                 Plaintiff,

v.

ADMIRAL SERVICENTER COMPANY, INCORPORATED, *a Massachusetts corporation*,

                 Defendant.
---------------------------------------------------------------X

Hon. Katherine Polk Failla

Docket No.: 1:22-cv-01928 (KPF)

## **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful

violation of any term of the Protective Order could subject me to punishment for contempt of

Court.

Dated: _____   _____